UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY SEVERSON,<br><br>                    Petitioner,<br><br>vs.<br><br>JAY CHRISTENSEN, ISCC Warden;<br>JOSH TEWALT, IDOC Director; and<br>LAWRENCE WASDEN, Idaho<br>Attorney General,<br><br>                    Respondents. | Case No. 1:20-cv-00429-REB<br><br>**INITIAL REVIEW ORDER** |

Petitioner Larry Severson has filed a Petition for Writ of Habeas Corpus

challenging his state court conviction. (Dkt. 1.) Federal habeas corpus relief is available

to petitioners who are held in custody under a state court judgment that violates the

Constitution, laws, or treaties of the United States. *See* 28 U.S.C. § 2254(a).

The Court is required to review each newly-filed habeas corpus petition to

determine whether it is should be served upon the respondent, amended, or summarily

dismissed. *See* 28 U.S.C. § 2243. If "it plainly appears from the face of the petition and

any attached exhibits that the petitioner is not entitled to relief in the district court," the

petition will be summarily dismissed. Rule 4 of the Rules Governing Section 2254 Cases.

**INITIAL REVIEW ORDER - 1**

Having reviewed the Petition, the Court concludes that Petitioner may proceed to the next stage of litigation in this matter.

## REVIEW OF PETITION

### 1. Background

Petitioner was convicted of the first degree murder and poisoning of his wife, after being charged by grand jury indictment and participating in a 17-day jury trial in the Fourth Judicial District Court in Elmore County, Idaho. He was sentenced to life without parole for the murder, and a concurrent sentence of five years for the poisoning. Petitioner followed his conviction with a direct appeal and, thereafter, three post-conviction actions in state court, with attendant appeals. Ultimately unsuccessful in overturning his convictions and sentences in state court, Petitioner now petitions the federal court for habeas corpus relief.

### 2. Discussion

In the Petition for Writ of Habeas Corpus, Petitioner raises four "grounds for relief," all of which are based on ineffective assistance of trial or direct appeal counsel (Dkt. 1, pp. 13-14), but repeats and adds to those grounds in another section of his Petition entitled "Issues for Review to This Honorable Court" (Dkt. 1, pp. 16-17). Respondents shall be required to respond only to the ten issues raised on pages 16-17, subject to any preliminary procedural grounds for dismissal that Respondents desire to raise. It is unclear whether Petitioner has properly exhausted his claim in the state court

**INITIAL REVIEW ORDER - 2**

system or whether the claims are timely. The Court does not have the full record before it to make a final determination on these procedural matters. The Court will order the Clerk of Court to serve the Petition upon Respondents, who will be permitted to file an answer or a pre-answer motion for summary dismissal.

### 3. Standards of Law

Given Petitioner's status as a *pro se* litigant, the Court provides the following habeas corpus standards of law which may apply to Petitioner's case, depending on Respondent's response.

### A.    *Exhaustion of State Court Remedies*

Habeas corpus law requires that a petitioner "exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). To exhaust a claim, a habeas petitioner must fairly present it as a federal claim to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has exhausted his state court remedies relative to a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but

**INITIAL REVIEW ORDER - 3**

the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). Under these circumstances, the claim is considered to have been "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Id.*

To show "cause" for a procedural default, a petitioner must ordinarily demonstrate that some objective factor external to the defense impeded his or his counsel's efforts to comply with the state procedural rule at issue. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To show "prejudice," a petitioner bears "the burden of showing not merely that the errors [in his proceeding] constituted a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire [proceeding] with errors of constitutional dimension." *United States v. Frady*, 456 U.S. 152, 170 (1982).

An attorney's errors that rise to the level of a violation of the Sixth Amendment's right to effective assistance of counsel may, under certain circumstances, serve as a cause to excuse the procedural default of other claims. *Murray v. Carrier*, 477 U.S. 478, 488 (1986). However, an allegation of ineffective assistance of direct appeal counsel will serve as cause to excuse the default of other claims *only* if the ineffective assistance of direct appeal counsel claim is, itself, not procedurally defaulted. *Edwards v. Carpenter*,

**INITIAL REVIEW ORDER - 4**

529 U.S. 446, 454 (2000). In other words, before a federal court can consider ineffective

assistance of direct appeal counsel as cause to excuse the default of underlying habeas

claims, a petitioner generally must have presented the ineffective assistance of direct

appeal counsel claim in a procedurally proper manner to the state courts, such as in a

post-conviction relief petition, including through the level of the Idaho Supreme Court.

As to another related but different topic–errors of counsel made on *post-conviction*

*review* that cause the default of other claims–the general rule on procedural default is that

any errors of a defense attorney during a post-conviction action *cannot* serve as a basis

for cause to excuse a petitioner's procedural default of his claims. *See Coleman v.*

*Thompson*, 501 U.S. 722, 752 (1991). This rule arises from the principle that a petitioner

does not have a federal constitutional right to effective assistance of counsel during state

post-conviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551 (1987); *Bonin v.*

*Vasquez*, 999 F.2d 425, 430 (9th Cir. 1993).

The case of *Martinez v. Ryan*, 566 U.S. 1 (2012), established a limited exception

to the *Coleman* rule. In *Martinez*, the court held that inadequate assistance of counsel "at

initial-review collateral review proceedings may establish cause for a prisoner's

procedural default of a claim of ineffective assistance at trial." *Id*. at 9. The *Martinez*

Court explained that the limited exception was created "as an equitable matter, that the

initial-review collateral proceeding, if undertaken without counsel or with ineffective

**INITIAL REVIEW ORDER - 5**

counsel, may not have been sufficient to ensure that proper consideration was given to a substantial claim." *Id*. at 14.

The *Martinez v. Ryan* exception is applicable to permit the district court to hear procedurally defaulted claims of ineffective assistance of trial counsel and ineffective assistance of direct appeal counsel. *See Nguyen v. Curry*, 736 F.3d 1287 (9th Cir. 2013). The exception has not been extended to other types of claims. *See Hunton v. Sinclair*, 732 F.3d 1124 (9th Cir. 2013) (*Martinez* not applicable to a defaulted *Brady* claim).

If a petitioner cannot show cause and prejudice for a procedurally defaulted claim, he can still raise the claim if he demonstrates that the court's failure to consider it will result in a "fundamental miscarriage of justice." *McCleskey v. Zant*, 499 U.S. 467, 494 (1991). A miscarriage of justice means that a constitutional violation has probably resulted in the conviction of someone who is actually innocent. *Murray v. Carrier*, 477 U.S. at 496. To show a miscarriage of justice, a petitioner must make a colorable showing of factual innocence. *Herrera v. Collins*, 506 U.S. 390, 404 (1993). Where the petitioner pleaded guilty and did not have the evidence in his case evaluated by a jury, he must show that, based on all of the evidence, "it is more likely than not that no reasonable juror would have found Petitioner guilty. . . ." *Van Buskirk v. Baldwin*, 265 F.3d 1080, 1084 (9th Cir. 2001), *citing Schlup v. Delo*, 513 U.S. 298, 327 (1995). Types of evidence "which may establish factual innocence include credible declarations of guilt by another, *see Sawyer v. Whitley*, 505 U.S. 333, 340 (1992), trustworthy eyewitness accounts, *see*

**INITIAL REVIEW ORDER - 6**

*Schlup*, 513 U.S. at 331, and exculpatory scientific evidence." *Pitts v. Norris*, 85 F.3d

348, 350-51 (8th Cir. 1996).

### B.   *Statute of Limitations*

The Anti-Terrorism and Effective Death Penalty Act (AEDPA), enacted April 24,

1996, established a one-year statute of limitations for federal habeas corpus actions. *See*

28 U.S.C. § 2244(d)(1). Because Petitioner's federal habeas corpus petition was filed

after AEDPA's enactment date, it is subject to the one-year statute of limitations.

Title 28 U.S.C. § 2244(d)(1) provides that the one-year statute of limitations is

triggered by one of four events:

> (A) the date on which the judgment became final by the
> conclusion of direct review or the expiration of the time for
> seeking such review;
>
> (B) the date on which the impediment to filing an application
> created by State action in violation of the Constitution or laws
> of the United States is removed, if the applicant was
> prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was
> initially recognized by the Supreme Court, if the right has
> been newly recognized by the Supreme Court and made
> retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or
> claims presented could have been discovered through the
> exercise of due diligence.

AEDPA also contains a tolling provision that stops the one-year limitation period

from running during the time in "which a properly filed application for State

**INITIAL REVIEW ORDER - 7**

postconviction or other collateral review with respect to the pertinent judgment or claim

is pending." 28 U.S.C. § 2244(d)(2). The Ninth Circuit has interpreted 28 U.S.C. §

2244(d)(2) to mean that the one-year statute of limitation is tolled for "all of the time

during which a state prisoner is attempting, through proper use of state court procedures,

to exhaust state court remedies with regard to a particular post-conviction application."

*Nino v. Galaza*, 183 F.3d 1003, 1006 (9th Cir. 1999) (citation and internal quotation

marks omitted).

However, once a federal statute of limitations has expired, it cannot be reinstated

or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d

820, 822 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the

limitations period that has ended before the state petition was filed"); *Green v. White*, 223

F.3d 1001, 1003 (9th Cir. 2000) (petitioner was not entitled to tolling for state petitions

filed after federal time limitation has run).

If, after applying statutory tolling, a petition is deemed untimely, a federal court

can hear the claims if the petitioner can establish that "equitable tolling" should be

applied. In *Pace v. DiGuglielmo*, 544 U.S. 408 (2005), the Court clarified

that,"[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two

elements: (1) that he has been pursuing his rights diligently, and (2) that some

extraordinary circumstances stood in his way." *Id*. at 418. To qualify for equitable tolling

a circumstance must have *caused* Petitioner to be unable to file his federal Petition in

**INITIAL REVIEW ORDER - 8**

time. The petitioner bears the burden of bringing forward facts to establish a basis for equitable tolling. *United States v. Marolf*, 173 F.3d 1213, 1318, n. 3 (9th Cir. 1999).

The United States Supreme Court has determined that there is an "actual innocence" exception to the AEDPA statute of limitations. *See McQuiggin v. Perkins*, 133 S.Ct. 1924, 1928 (2013). To qualify for the exception, the petitioner "must show that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Id*. at 1935 (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)). "Unexplained delay in presenting new evidence bears on the determination whether the petitioner has made the requisite showing." *Id*. at 1935. In other words, a petitioner's diligence should not be considered "discretely, but as part of the assessment whether actual innocence has been convincingly shown." *Id.*

## C. *Merits Determination*

For any of Petitioner's claims that are properly exhausted, Petitioner shall bear the burden of proving that the state court judgment either "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States"; or that it "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). Under § 2254(d)(1), review is limited to the record that was before the state court that adjudicated

**INITIAL REVIEW ORDER - 9**

the claim on the merits, and new factual development generally is not permitted. *Cullen v. Pinholster*, 563 U.S. 170 (2011).

If the state appellate court did not decide a properly-asserted federal claim, if the state court's factual findings are unreasonable under § 2254(d)(2), or if an adequate excuse for procedural default exists, then § 2254(d)(1) does not apply, and the federal district court reviews the claim de novo. *Pirtle v. Morgan*, 313 F.3d 1160, 1167 (9th Cir. 2002). The de novo review standard permits a district court to draw from both United States Supreme Court and circuit precedent, limited by the non-retroactivity rule of *Teague v. Lane*, 489 U.S. 288 (1989). Under de novo review, if the factual findings of the state court are not unreasonable, the Court must apply the presumption of correctness found in § 2254(e)(1) to any facts found by the state courts. *Pirtle*, 313 F.3d at 1167. In other de novo review instances, a petitioner may be permitted to bring new evidence in the federal habeas corpus proceeding if he or she shows an entitlement to do so under the law. *Murray v. Schriro*, 745 F.3d 984, 1000 (9th Cir. 2014); 28 U.S.C. § 2254(e)(2).

### 4. Motion to Augment Record

Generally, the merits of the claims in a federal habeas corpus petition are decided on the record that was before the state court. *Cullen v. Pinholster*, 563 U.S. 170, 180 (2011); 28 U.S.C. §225(e)(2). However, Rule 7 of the Rules Governing Section 2254 Cases grants a federal court authority to expand the existing state court record with "materials relating to the petition." Consistent with *Pinholster*, supplementation of the

**INITIAL REVIEW ORDER - 10**

record by new factual development in state court is permitted only in the following

circumstances: (1) when a state court did not decide a claim on the merits, and the claim

is properly before the federal court; (2) when the state court factual determination was

unreasonable; (3) when a petitioner desires to show cause and prejudice in a procedural

default setting; or (4) when a petitioner asserts actual innocence to overcome a procedural

default or statute of limitations issue.

If a petitioner is asking the Court to take judicial notice of items outside the Idaho

Supreme Court record, then the Court may do so only for the four limited purposes set

forth above. Presently, the Court will grant Petitioner's request, but only to the extent that

the records will be used for the limited purposes set forth above.

## ORDER

**IT IS ORDERED:**

1. The Clerk of Court shall serve (via ECF) a copy of the Petition (Dkt. 1), together

   with a copy of this Order, on L. LaMont Anderson, on behalf of Respondents, at

   Mr. Anderson's registered ECF address.

2. Petitioner's Motion Seeking Appointment of Counsel at Public Expense (Dkt. 2) is

   DENIED, and his Application for in Forma Pauperis Status (Dkt. 7) is MOOT.

   Petitioner's living expenses are paid by the taxpayers, and he has over $3,700.00

   in his prisoner trust account. (Dkt. 8.) Petitioner can seek counsel at his own

   expense.

**INITIAL REVIEW ORDER - 11**

3.  Plaintiff's Motion to Augment the Record (Dkt. 11) is GRANTED only to the extent set forth above.

4.  Within **120 days** after entry of this Order, Respondent shall have the option of filing either of the following: (1) a motion for summary dismissal or partial summary dismissal on procedural grounds (which may be followed by an answer if the motion is unsuccessful); or (2) an answer and brief on the claims that were adjudicated on the merits by the Idaho Supreme Court, that also includes a brief summary (between one paragraph and several pages) of any procedural defenses for any claims (which may be argued in the alternative). If Respondents file an answer and brief, the Court first will determine the claims that were adjudicated on the merits by the Idaho Supreme Court; for any claims that appear to warrant relief or for any claims not disposed of on the merits that appear subject to procedural defenses, the Court next will determine whether those claims are barred by any procedural defenses and will call for additional briefing, evidence, or a hearing, if necessary.

5.  Respondents shall file with the responsive pleading or motion, or within a reasonable time period thereafter, a copy of all portions of the state court record previously transcribed that are relevant to a determination of the issues presented. Any presentence investigation reports or evaluations shall be filed under seal. The lodging of the remainder of the state court record, to the extent that it is lodged in

**INITIAL REVIEW ORDER - 12**

paper format, is exempt from the redaction requirements, as provided in District of Idaho Local Civil Rule 5.5(c).

6.  If the response to the habeas petition is an answer, Petitioner shall prepare a reply (formerly called a traverse), containing a brief rebutting Respondents' answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

7.  If the response to the habeas petition is a motion, Petitioner's response to the motion shall be filed and served **within 30 days** after service of the motion, and Respondents' reply, if any, shall be filed and served **within 14 days** thereafter.

8.  No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

9.  No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

10. The parties may, but need not, file the following in this matter: (1) notices of non-objections to motions to which they do not object; (2) responses to motions for appointment of counsel; (3) responses to motions that are meritless, frivolous, or filed in contravention of this Order; or (4) notices of intent not to file a reply. If additional briefing is required on any issue, the Court will order it.

**INITIAL REVIEW ORDER - 13**

11. Each party shall ensure that all documents filed with the Court are simultaneously served via the ECF system or by first-class mail upon the opposing party (through counsel if the party has counsel), pursuant to Federal Rule of Civil Procedure 5. Each party shall sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of the person upon whom service was made, or as specified by the applicable ECF rules. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is clearly identified as requesting an ex parte order, pursuant to Local Rule 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

12. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rules of Civil Procedure 7, 10 and 11, and Local Rules 5.2 and 7.1. The Court will not consider requests made in the form of letters.

13. Petitioner shall at all times keep the Court and Respondent advised of any changes in address.

**INITIAL REVIEW ORDER - 14**

14. If Petitioner's custodian changes at any point during this litigation, counsel for Respondents shall file a Notice of Substitution of Respondent within 30 days of such change, identifying the person who is substituted as a Respondent. *See* Fed. R. Civ. P. 25(d); Rule 2(a) of the Rules Governing Section 2254 Cases.

DATED:  February 2, 2021

Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**INITIAL REVIEW ORDER - 15**