UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| LARRY M. SEVERSON, | Case No. 1:20-cv-00429-REP |
| Petitioner, | |
| vs. | **MEMORANDUM DECISION AND ORDER** |
| JAY CHRISTENSEN, ISCC Warden, | |
| Respondent. | |

Pending before the Court in Petitioner Larry M. Severson's habeas corpus matter is Respondent Jay Christensen's Motion for Summary Dismissal on procedural deficiency grounds, which is now ripe for adjudication. (Dkts. 23, 43, 48.) All parties have consented to the jurisdiction of a United States Magistrate Judge to enter final orders in this case. (Dkt. 6.) *See* 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73.

Having reviewed the record in this matter, the Court enters the following Order granting in part and denying in part Respondent's Motion for Summary Dismissal.

## PRELIMINARY MOTIONS

Petitioner has requested several extensions of time in which to respond to the Moton for Summary Dismissal. (Dkts. 34, 38, 41.) Respondent has also requested an extension of time to file a reply. (Dkt. 44.) In addition, Respondent has filed two Motions

**MEMORANDUM DECISION AND ORDER - 1**

for Leave to File Oversize Briefs. (Dkts. 22, 47.) Good cause appearing, these motions will be granted.

Petitioner has filed a Motion to Compel. (Dkt. 36.) He asserts that the prison is acting too slowly in processing his request to withdraw and send $68.00 from his prison trust account to Elmore County for a case fee to obtain criminal records from that court. He has also experienced delays in obtaining case law copies from the Idaho State law library, ordering legal books from outside vendors, being able to schedule time in the prison legal resource center, and having legal materials requests picked up from the access-to-courts receptacles. He further asserts that the facility had no paralegal on staff for several weeks, because the paralegal had been severely beaten by inmates in August of 2021.

Unfortunately, nearly the entire world is experiencing delays as a result of the COVID-19 pandemic. There is also a nationwide worker shortage, and the prison may not have been able to quickly replace a paralegal at a moment's notice after the paralegal was unexpectedly beaten by inmates and rendered unable to come to work.

The United States Supreme Court has cautioned the federal courts not to interfere with the day-to-day operations of the prisons -- especially where security is involved --  a task which is best left to prison officials who have particular experience in dealing with prisons and prisoners. *See Turner v. Safley*, 482 U.S. 78, 89 (1987). Similarly, prison officials have multiple considerations that factor into their decisions about access to

**MEMORANDUM DECISION AND ORDER - 2**

services and resources during a pandemic. The fact that the paralegal was physically assaulted plays into decisionmaking about whether it is safe to immediately place another staff member in that same role.

While the Court cannot control these circumstances, it can provide Petitioner with extensions of time when he experiences delays related to this case. (It is unclear whether the delays regarding the Elmore County records are related to this case, but the Court concludes that nothing is missing from the record to make its rulings at this time). This motion will be denied, but Petitioner is encouraged to file additional motions for extensions of time if needed. However, he is also cautioned that motions to extend appeal deadlines are narrow and strict.[1]

Petitioner has filed a Motion to Stay. (Dkt. 30.) He asserts that a stay is warranted because he has filed a Motion for Appointment of Counsel and a Motion to Compel

---

[1] Federal Rule of Appellate Procedure 4(a) provides:

(5) *Motion for Extension of Time*.

    (A) The district court may extend the time to file a notice of appeal if:

        (i) a party so moves no later than 30 days after the time prescribed by this Rule 4(a) expires; and

        (ii) regardless of whether its motion is filed before or during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable neglect or good cause.

    (B) A motion filed before the expiration of the time prescribed in Rule 4(a)(1) or (3) may be ex parte unless the court requires otherwise. If the motion is filed after the expiration of the prescribed time, notice must be given to the other parties in accordance with local rules.

    (C) No extension under this Rule 4(a)(5) may exceed 30 days after the prescribed time or 14 days after the date when the order granting the motion is entered, whichever is later.

**MEMORANDUM DECISION AND ORDER - 3**

Discovery. However, the Court previously denied Petitioner's request for counsel (Dkts. 27, 29), and an additional review of the record does not convince the Court to reconsider its decision. The Court also denied in part the request for discovery under *Cullen v. Pinholster* and granted it in part only as to evidence necessary to flesh out procedural issues. (Dkt. 23, pp. 10-11.) Because the Court concludes that additional facts are not necessary to the decisionmaking process on the claims at issue, no discovery is warranted for preliminary issues. For these reasons, the Motion to Stay will be denied.

Petitioner's Motion for Default Judgment (Dkt. 51) will be denied. Default judgment is not available in habeas corpus actions, nor is it warranted here because a pre-answer motion, as contemplated in the Initial Review Order, was filed. *Gordon v. Duran*, 895 F.2d 610, 612 (9th Cir. 1990) ("failure to respond to claims raised in a petition for habeas corpus does not entitle the petitioner to a default judgment"). The result of a default judgment in a habeas corpus action would be the automatic release of a prisoner from custody. *Allen v. Perini*, 424 F.2d 134, 138 (6th Cir. 1970) (holding that "Rule 55(a) has no application in habeas corpus cases"). In *Allen v. Perini*, the court explained that "[t]he failure of State officials to file a timely return does not relieve the prisoner of his burden of proof[,]" and that "[d]efault judgments in habeas corpus proceedings are not available as a procedure to empty State prisons without evidentiary hearings." *Id*.

Petitioner's "Motion Requesting Status" (Dkt. 50) will be granted to the extent this Order addresses all pending motions.

**MEMORANDUM DECISION AND ORDER - 4**

## BACKGROUND

After a grand jury indictment and a 17-day jury trial in the Fourth Judicial District Court in Elmore County, Idaho, Petitioner was convicted of the first degree poisoning and murder of his wife, Mary Severson. He was sentenced to life in prison without parole for the murder and a concurrent sentence of five years for the poisoning. Petitioner filed a direct appeal and three post-conviction actions in state court before proceeding to federal court.

## STANDARDS OF LAW

### 1. Summary Dismissal Standard of Law

When a petitioner's compliance with threshold procedural requirements is at issue, a respondent may file a motion for summary dismissal, rather than an answer. *White v. Lewis*, 874 F.2d 599, 602 (9th Cir. 1989). Rule 4 of the Rules Governing § 2254 Cases authorizes the Court to summarily dismiss a petition for writ of habeas corpus when "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." The Court takes judicial notice of the records from Petitioner's state court proceedings, lodged by the parties.

### 2. Statute of Limitations Standard of Law

Petitioner's challenge to his state court criminal judgment is governed by Title 28 U.S.C. § 2254(d), as amended by the Anti-terrorism and Effective Death Penalty Act of 1996 (AEDPA). This statute requires a federal habeas corpus petition to be filed within

**MEMORANDUM DECISION AND ORDER - 5**

one year from several triggering dates specified in 28 U.S.C. § 2244(d)(1)(A)-(D). *One year* means 366 days, for example, from January 1, 2000, to January 1, 2001. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001) (applying Federal Rule of Civil Procedure 6(a) to AEDPA).

The most common triggering date is the first one, "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). That date can be calculated as follows.

| **Action Taken** | **Finality Occurs** |
|---|---|
| No appeal is filed after state district court order or judgment | 42 days later, *see* Idaho Appellate Rule 14 |
| Appeal is filed and Idaho Court of Appeals issues a decision, but no petition for review is filed with the Idaho Supreme Court | 21 days later, *see* Idaho Appellate Rule 118 |
| Appeal is filed and Idaho Supreme Court issues a decision or denies a petition for review of an Idaho Court of Appeals decision, and Petitioner does not file a petition for writ of certiorari with the United States Supreme Court | 90 days later, *see* United States Supreme Court Rule 13 |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, and the petition is denied | Date of denial |
| After Idaho Supreme Court issues a decision or denies a petition for review, Petitioner files a petition for writ of certiorari to the United States Supreme Court, the petition is granted, and the United States Supreme Court issues a decision | Date of decision |

**MEMORANDUM DECISION AND ORDER - 6**

In each instance above, "finality" is measured from entry of the final judgment or order, not from a remittitur or mandate, which are mere formalities. *Gonzales v. Thaler*, 565 U.S. 134, 149-150 (2012); *Clay v. United States*, 537 U.S. 522, 529 (2003); *Wixom v. Washington*, 264 F.3d 894, 898 n.4 (9th Cir. 2001).

AEDPA also contains a tolling provision that stops or suspends the one-year limitations period from running during the time in "which a properly filed application for State postconviction or other collateral review . . . is pending." 28 U.S.C. § 2244(d)(2). Because this particular statutory provision applies only to "pending" actions, the additional 21-, 42- and 90-day time periods associated with the calculation of finality after direct appeal are *not* applied to extend the tolling periods for post-conviction actions. However, unlike direct appeal "finality," the term "pending" *does* extend through the date of the remittitur.[2]

The federal statute is *not* tolled between the date the direct appeal is "final" and the filing of a proper post-conviction application, or between post-conviction finality and any successive collateral review petition. *Id*. Each time statutory tolling ends, the statute of limitations does not restart at one year, but begins running at the place where it stopped before the post-conviction action was filed.

---

[2] *See Lawrence v. Florida*, 549 U.S. 327, 337 (2007). "Pending" is determined according to each particular state's law. In Idaho, an appellate case remains pending until a remittitur is issued. *See Cochran v. State*, 133 Idaho 205, 206, 984 P.2d 128, 129 (Idaho Ct. App. 1999).

Once a federal statute of limitations has expired, it cannot be reinstated or resurrected by a later-filed state court action. *See Ferguson v. Palmateer*, 321 F.3d 820, 822 (9th Cir. 2003) ("[S]ection 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed.").

## REVIEW OF MOTION TO DISMISS

### 1.  Timeliness of Filing

The Idaho Supreme Court denied Petitioner's direct appeal on May 29, 2009. (State's Lodging B-8.) Petitioner pursued a petition for rehearing. (State's Lodging B-9, B-10.) An order denying a petition for rehearing in Petitioner's direct appeal was issued by the Idaho Supreme Court on August 24, 2009. (State's Lodging B-11.) Petitioner had 90 days from that date to petition the United States Supreme Court for a writ of certiorari (a remittitur is not relevant to the calculation of "finality" of a state direct appeal case for federal statute of limitations purposes, as set forth above). On the 90-day mark, November 22, 2009, Petitioner's judgment became final.

However, because Petitioner had already filed his original petition for post-conviction relief on October 22, 2009 (State's Lodging C-1, pp. 4-18), his federal statute of limitation was statutorily tolled until conclusion of the original post-conviction case. 28 U.S.C. 2254(d)(2). One of Petitioner's post-conviction claims proceeded to an evidentiary hearing; the others were summarily dismissed by the state district court. The entire petition eventually was denied by the state district court. (*Id*., pp. 114-47, 151-59.)

MEMORANDUM DECISION AND ORDER - 8

The Idaho Court of Appeals reversed the district court's dismissal of the post-conviction matter and remanded the case on October 10, 2014. (State's Lodging D-6.) The respondent petitioned the Idaho Supreme Court for review. The Idaho Supreme Court affirmed in part and vacated the district court's dismissal in part, issuing a remittitur on January 14, 2016. (State's Lodging D-7 to D-13.)

After remand, Petitioner, through counsel, filed a third amended petition for post-conviction relief in the original post-conviction action. (State's Lodging G-4, pp. 1-24.) After an evidentiary hearing, the district court denied the claims. (State's Lodging G-5, pp. 36-50.)

The Idaho Court of Appeals affirmed dismissal of the third amended petition in the original post-conviction action on April 24, 2019. (State's Lodging H-4.) The Idaho Supreme Court denied the petition for review and issued its remittitur on July 9, 2019 (a remittitur is relevant to the calculation of "pending" in calculating tolling of collateral review actions, as set forth above). (State's Lodging H-8.)

On May 9, 2014, during the pendency of the elongated original post-conviction matter (discussed directly above), Petitioner filed a successive petition. (State's Lodging E-1, pp. 9-36.) The state district court entered a summary dismissal order and final judgment in that case, concluding that claims of ineffective assistance of post-conviction counsel were not cognizable and claims of ineffective assistance of trial counsel should have been brought in the original post-conviction action and were thus untimely. (*Id*.,

**MEMORANDUM DECISION AND ORDER - 9**

pp.75-80.) Petitioner filed a motion for reconsideration, which was denied. On April 11, 2016, the Idaho Court of Appeals affirmed the district court's denial of the motion for reconsideration and found that the appeal of the denial of the successive petition was untimely. (State's Lodging F-10.) Because that case started and ended while the first post-conviction matter was pending, it is not relevant to the federal statute of limitations calculation.

Also during the pendency of the original post-conviction action, on October 16, 2016, Petitioner filed a second successive post-conviction petition alleging the discovery of new evidence regarding the effects of certain medications on women, ineffective assistance of direct appeal and post-conviction counsel, prosecutorial misconduct, improper jury instructions, and cumulative error. (*See* State's Lodging I-1, p. 136.) The state district court summarily denied the petition on April 17, 2017. (*See id*., p. 137.) Petitioner did not appeal.

On February 26, 2018, Petitioner filed a pro se motion for leave to file a third "successive IRC application for new trial." (State's Lodging I-1, pp. 52-56.) That action was captioned by Petitioner under "Case No. CR-2002-158," the original criminal case, and it was filed by the Clerk in that action. Because the caption also requested the filing of a successive post-conviction petition, the state district court decided to hear it as a civil matter and denied the request after a hearing. (*Id*., pp. 134-49.)

**MEMORANDUM DECISION AND ORDER - 10**

Petitioner filed a pro se appeal, arguing that he should have been permitted to file the petition because "newly-discovered evidence raised a genuine issue of material fact surrounding modern [science's] revised understanding of prescription sleep aid drugs Ambien/Zolpidem." (State's Lodgings I-1, pp. 153-155; J-4, p. 1.) The Idaho Court of Appeals affirmed the district court's order on April 17, 2020, reasoning:

> The district court determined Severson's third successive petition for post-conviction relief had not raised any new issues not previously litigated and failed to establish each element of the standard under which requests for new trials are evaluated. Additionally, the district court refused to grant the motion while a prior appeal was pending. In his opening brief on appeal, Severson: (1) argues that at the time of his trial certain dangers and lethality of sleep-aid medications with females was not as well known, (2) points to the literature and physician letter he submitted, and (3) claims that the district court erred in failing to find a genuine issue of material fact as to whether his wife accidently died from an overdose. Severson does not address the district court's holding that the issue has already been litigated or that a successive petition is inappropriate while a prior petition remained pending on appeal. We, therefore, affirm on these alternative grounds.

(State's Lodging J-7, pp. 5-6.) The petition for review was denied by the Idaho Supreme Court,), and a remittitur issued on May 28, 2020. (State's Lodging J-8 to J-10.)

The Court agrees with Respondent that the question of whether Petitioner's motion to file a post-conviction action to pursue a new trial claim was "properly filed" is critical to the outcome of the timeliness issue, because it bridges the gap left open

**MEMORANDUM DECISION AND ORDER - 11**

between finality of the original post-conviction action and the filing of the federal

petition in this case.

Federal appellate and district courts have recognized that a motion for a new trial

tolls the federal habeas statute of limitations under 28 U.S.C § 2244(d)(2), which

provides: "The time during which a properly filed application for State post-conviction or

*other collateral review with respect to the pertinent judgment or claim* is pending shall

not be counted toward any period of limitation under this subsection." (emphasis added).

*See, e.g., Wetton v. Clarke*, 258 F. App'x 134, 135 (9th Cir. 2007); *Westmoreland v.

Warden*, 817 F.3d 751, 753–54 (11th Cir. 2016) ("In Georgia, a motion for new trial filed

more than 30 days after a judgment is entered is called an "extraordinary" motion for new

trial. We … hold that a Georgia extraordinary motion for new trial can be an 'application

for State post-conviction or other collateral review' [under] 28 U.S.C. § 2244(d)(2).");

*Kholi v. Wall*, 582 F.3d 147, 153-54 (1st Cir. 2009) ("[A] motion for a new trial filed in

the original case and heard by the trial judge is an appropriate mechanism for tolling

under section 2244(d)(2)."); *Willing v. Williams*, No. 2:14-CV-01194-RFB, 2014 WL

6389367, at *1 n.1 (D. Nev. Nov. 17, 2014) ("The proceedings on the post-judgment

motion for new trial … tolled the federal limitation period.").

This Court reviews the reasons for the state court disposition of the motion to

determine whether the motion was "properly filed" according to the state court rules for

filing such motions. That review begins with Idaho's rules governing collateral relief filings.

The filing of original post-conviction applications in the Idaho district courts is governed by Idaho Code 19-4901 through -4907 (providing, for example, a one-year statute of limitations and content requirements). Successive petitions are governed by Idaho Code § 19–4908, which provides that, even though a petitioner must generally raise all claims for post-conviction relief in the original petition, he or she may assert a claim in a successive petition if there is "sufficient reason" that the claim "was not asserted or was inadequately raised in the original, supplemental, or amended application." One of the requirements for a successive petition is that the original petition must have been filed within the one-year statute of limitations period. Another is that the successive petition be filed within a "reasonable time." *Charboneau v. State*, 174 P.3d 870, 875 (2007).

The Idaho Supreme Court has determined that a request for a new trial in a post-conviction proceeding based on newly-discovered evidence is reviewed under the same standard "as a motion for new trial subsequent to a jury verdict." *Johnson v. State*, 319 P.3d 491, 496 (Idaho 2014).

In *Artuz v. Bennett*, 531 U.S. 4 (2000), the United States Supreme Court held that "properly filed" means only whether the petition was filed according to the state's conditions to file it, "as opposed to a condition to obtaining relief." *Id*. at 10. An

**MEMORANDUM DECISION AND ORDER - 13**

application is "'properly filed' when its delivery and acceptance are in compliance with

the applicable laws and rules governing filings" — including any state-imposed time

limits. *Id*. at 8. Another district court aptly explained the difference between a filing

condition and a condition to obtaining relief:

> Congress did not define the attributes of a "properly filed application" under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), *see Villegas v. Johnson,* 184 F.3d 467, 470 (5th Cir. 1999), and the meaning of this phrase is a question of first impression in this circuit. We believe that a "properly filed" application is one filed according to the filing requirements for a motion for state post-conviction relief. These requirements may include: (1) the place and time of filing; (2) the payment or waiver of any required filing fees; (3) the obtaining of any necessary judicial authorizations that are conditions precedent to filing, such as satisfying any filing preconditions that may have been imposed on an abusive filer; and (4) other conditions precedent that the state may impose upon the filing of a post-conviction motion. By contrast, affirmative defenses that preclude a court from granting relief on the merits, as opposed to pure filing requirements, require analysis in some manner of the substance of the claims set forth by the petitioner and do not prevent a motion from being "properly filed" for purposes of § 2244(d)(2). Substantive impediments to relief of this nature include prohibitions against the filing of successive or abusive petitions, the requirement that claims be brought on direct appeal if possible, and the judicial doctrine of res judicata.

*Habteselassie v. Novak*, 209 F.3d 1208, 1210–11 (10th Cir. 2000) (a pre-*Bennett* case that

harmonizes with *Bennett*'s reasoning and holding).[3]

---

[3] Respondent notes that the United States Court of Appeals for the Ninth Circuit stated in the case of *Porter v. Ollison*, 620 F.3d 952, 958 (9th Cir. 2010) that, "for statutory tolling under 2244(d) to apply, the state habeas petition cannot be untimely or an improper successive petition." However, that statement

**MEMORANDUM DECISION AND ORDER - 14**

Here, Petitioner, acting pro se, filed a motion requesting a new trial and leave to bring that claim in a third successive petition. There is no indication in the record that the court found that the motion was untimely or was subject to rejection for wrongful filing. After a hearing, the state district court considered and denied the motion, concluding:

> [T]he procedural requirements stated in the Uniform Post-Conviction Procedure Act, Idaho Code sections 19-4901 through 19-4911, bar Petitioner from filing the Third Successive Petition. Petitioner has not raised any new issues not previously litigated, and has failed to establish each element of the standard under which requests for new trials are evaluated." Because a Third Successive Petition is barred, the Court need not consider its alleged substantive merits.

(State's Lodging I-1, p. 147.) In addition, the district court concluded that it would not serve the interests of justice to entertain a successive post-conviction while his original post-conviction action was still pending. *Id*.

The appellate court determined that the state district court did have jurisdiction to hear the case as a civil matter, notwithstanding that the clerk had filed the motion in the criminal case. (State's Lodging J-7, pp. 4-5.) The court noted that, even though Petitioner had included the original criminal case number in the caption, "the pleading identified he was seeking to file a petition for post-conviction relief and [he] asked repeatedly that the

---

was dicta rather than the holding because the case involved a state petition rejected as untimely rather than as successive. In addition, it was issued ten years prior to *Bennett* and does not harmonize with *Bennett*'s instructions on how to determine what is "properly-filed."

**MEMORANDUM DECISION AND ORDER - 15**

case be given a civil case number." (*Id.*, p. 5.) Petitioner "made clear his intent to place his issue on the civil track as opposed to the criminal one."[4] (*Id.*)

Petitioner's appeal did not challenge the state district court's conclusion that he was not permitted to litigate two post-conviction actions at the same time. The Idaho Court of Appeals affirmed denial of Petitioner's motion to file a third successive petition because Petitioner did not address the alternative ground for denial of his pending prior post-conviction petition and because he failed to show a factual basis for a new trial. (State's Lodging J-7, p. 8).

For federal statute of limitations purposes, the reasons given by both the district court and the appellate court for declining to permit Petitioner to file a third petition are "substantive impediments to relief," as the Tenth Circuit court described in *Habteselassie*, and not that the motion was not properly filed. For example, the Idaho courts did not refuse to hear the motion because it was untimely, or because it was filed without the petitioner having obtained a fee waiver, or for any other filing issue that would have rendered the motion unfit for consideration. On the contrary, the content of the motion *was* considered, and permission to file another petition was not granted—but *not* because the *motion* was improperly *filed*. This Court accordingly concludes that the motion to file the third successive petition to obtain a new trial was properly filed,

---

[4] Petitioner likely recognized that, filed as a motion for a new trial in the criminal case, the motion may have been deemed untimely or unripe. *See* Idaho Criminal Rule 34(b)(1) ("Any motion for a new trial grounded on newly discovered evidence must be filed within two years after final judgment, if an appeal is pending, the court may not grant a motion for a new trial until the appellate court remands the case."

**MEMORANDUM DECISION AND ORDER - 16**

because the state courts treated it as properly filed. It tolled the federal statute of limitations until May 28, 2020, the date of the Idaho Supreme Court's remittitur, when it was no longer pending. Petitioner filed his federal habeas corpus petition on August 20, 2020, prior to the one-year period that began May 29, 2020. (Dkt. 1, p. 56.) Thus, the petition is timely.

### 2.   Requested Dismissal of Claim 10: Vagueness

Claim 10 is that the "district court was in error when it denied Mr. Severson's motion for a new trial based on Newly Discovered Evidence which would support a claim of actual innocence as to any [wrongdoing] by Mr. Severson." (Dkt. 1, p. 52.) Respondent asserts that this claim is too vague to be discernible. The Court disagrees. In the context of the procedural history of this case, this allegation can refer to nothing but the denial of his motion to file a third successive petition to seek a new trial. (*See* State's Lodging I-1, pp.76-82.)

The Court liberally construes this pro se claim to assert that the state district court erred in denying the motion for a new trial based on newly-discovered evidence that would show Petitioner's actual innocence. This decision was discussed and upheld by the Idaho Court of Appeals and implicitly upheld by the Idaho Supreme Court's denial of a petition for review in 2020. (State's Lodgings J-7 to J-10.)

The Court concludes that this claim is *not* challenging state post-conviction procedures, which is a noncognizable pursuit on habeas corpus review, such as in

**MEMORANDUM DECISION AND ORDER - 17**

*Franzen v. Brinkman*, 877 F.2d 26 (9th Cir. 1989) (a claim that a state court delay of over a year in deciding his petition for state post-conviction relief violated his due process rights is not cognizable), *cert. denied*, 493 U.S. 1012 (1989), or *Williams v. Missouri*, 640 F.2d 140 (8th Cir. 1981) (a claim that the petitioner was denied an appeal from the denial of a motion for post-conviction relief is not cognizable).

Nevertheless, the Court preliminarily concludes that Petitioner's claim fails to state a federal claim upon which relief can be granted. The United States Supreme Court has made it clear that "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceeding." *Herrera v. Collins*, 506 U.S. 390, 400 (1993). This prohibition exists because "federal habeas courts sit to ensure that individuals are not imprisoned in violation of the Constitution—not to correct errors of fact." *Id*. (citing *Moore v. Dempsey*, 261 U.S. 86, 87-88 (1923) (Holmes, J.) ("[W]hat we have to deal with [on habeas review] is not the petitioners' innocence or guilt but solely the question whether their constitutional rights have been preserved.")). The parties may succinctly present their views on this reason for denial in the next round of briefing.

### 3.   Requested Dismissal of Claims 2, 3, and 11: Procedural Default

Respondent argues that Claims 2, 3, and 11 were never presented to the state courts as federal claims and should be dismissed as procedurally defaulted.

**MEMORANDUM DECISION AND ORDER - 18**

a. *Standard of Law*

A petitioner must "properly exhaust" his state court remedies before pursuing a claim in a federal habeas petition. 28 U.S.C. § 2254(b). That means "fairly presenting the claim" based on a federal theory to the highest state court for review in the manner prescribed by state law. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). Unless a petitioner has properly exhausted his state court remedies for a particular claim, a federal district court cannot grant relief on that claim, although it does have the discretion to deny the claim. 28 U.S.C. § 2254(b)(2).

State remedies are considered technically exhausted, but not *properly* exhausted, if a petitioner failed to pursue a federal claim in state court and there are no remedies now available. *O'Sullivan*, 526 U.S. at 848. A claim may also be considered exhausted, though not properly exhausted, if a petitioner pursued a federal claim in state court, but the state court rejected the claim on an independent and adequate state law procedural ground. *Coleman v. Thompson*, 501 U.S. 722, 731-732 (1991). If a claim has not been properly exhausted in the state court system, the claim is considered "procedurally defaulted." *Coleman,* 501 U.S. at 731. A procedurally defaulted claim will not be heard in federal court unless the petitioner shows either that there was legitimate cause for the default and that prejudice resulted from the default, or, alternatively, that the petitioner is actually innocent and a miscarriage of justice would occur if the federal claim is not heard. *Murray v. Carrier*, 477 U.S. 478, 488 (1986).

**MEMORANDUM DECISION AND ORDER - 19**

b. *Claim 2: Amendment of Indictment*

The Idaho grand jury considered the allegation that Petitioner killed his wife by suffocation, but failed to return an indictment on that allegation. Over Petitioner's objection, the trial court permitted the prosecutor to amend the indictment to include this new charge. Petitioner argued on direct appeal that the trial court "lacked jurisdiction to instruct the jury on the allegation of murder by suffocation because the Grand Jury considered, but failed to return[,] an Indictment[] on the allegation of murder by suffocation"; and the charge proceeding from the grand jury cannot be materially altered thereafter by the court or prosecutor. (State's Lodging B-5, p. 34.)

On direct appeal, Petitioner's counsel titled the claim as a deprivation of a "constitutional right" but argued it only under the state constitution, focusing on jurisdiction. (*See* State's Lodging B-5, pp. 34-36.) (That path probably was chosen because Petitioner had no viable federal constitutional claim, as the Court explains below.) The State attempted to recharacterize the argument as a "due process" claim, but this theory, too, was addressed by the appellate court exclusively under the Idaho Constitution during the direct appeal. (*See* State's Lodging B-8, p. 14 n.14.)

To the extent that Petitioner brings his grand jury claim under the federal Due Process Clause (rather than under state law as he did on direct appeal), it is procedurally defaulted.

MEMORANDUM DECISION AND ORDER - 20

Alternatively, it fails on the merits under a de novo review standard, which is used when the highest state court has not issued a merits decision on a claim. The United States Supreme Court has long held that there is no federally protected right to indictment by a grand jury in state criminal proceedings. *Hurtado v. California*, 110 U.S. 516 (1884); *Alexander v. Louisiana*, 405 U.S. 625, 633 (1972)); *United States v. Jordan*, 291 F.3d 1091, 1095 n. 2 (9th Cir. 2002); *Gautt v. Lewis*, 489 F.3d 993, 1003 n.10 (9th Cir. 2007) ("this Fifth Amendment right has not been incorporated into the Fourteenth Amendment so as to apply against the states"). Accordingly, the Court preliminarily concludes that this claim is subject to denial for failure to state a federal claim under a de novo standard of review. The parties may succinctly address this preliminary conclusion in their next round of briefing.

### c.  *Claim 3: Unanimous Jury Instruction on Cause of Death*

At trial Petitioner asked the court to give a particular unanimity instruction requiring the jury to agree on the cause of death—overdose, suffocation, or both. The trial court declined. On appeal, Petitioner cited the Idaho Constitution and three Idaho statutes in support of his claim. (*See* State's Lodging B-5, p. 51.) Respondent argues that Claim 3, alleging a violation of the right to a unanimous jury on cause of death, was never raised as a federal claim in state court. (State's Lodging B-5, pp.c48-51.)

On appeal, the Idaho Supreme Court analyzed whether Petitioner's rights to a unanimous jury verdict were violated. (State's Lodging B-8, pp.c16-19.) The Idaho

**MEMORANDUM DECISION AND ORDER - 21**

Supreme Court cited state case law, state statutes, and the Idaho Constitution. That court

also cited *Schad v. Arizona*, 501 U.S. 624, 630-31 (1991) (plurality opinion), for the

principle that the United States Supreme Court has "never suggested that in returning

general verdicts … jurors should be required to agree upon a single means of

commission."[5] (State's Lodging B-8, p. 18.) The Idaho Supreme Court performed an

extensive due process analysis under *Schad*. (*See id*., pp. 17-24.) This Court concludes

that, because the Idaho Supreme Court sua sponte considered Petitioner's claim on

federal grounds, it is properly exhausted and subject to AEDPA deferential review.

However, either under deferential or de novo review, the Court concludes that the claim

fails to warrant habeas corpus relief.

In *Schad*, the Supreme Court explained which situations required a more detailed

juror unanimity instruction. The *Schad* court analogized to the "long-established rule of

the criminal law that an indictment need not specify which overt act, among several

named, was the means by which a crime was committed." 501 U.S. at 631.

Due process is concerned about the elements of a crime, rather than simply the

means of a crime. *Id*. at 638. Importantly, the *Schad* court concluded that the distinction

between what "'fact[s] [are] necessary to constitute the crime,' and therefore must be

---

[5] After Petitioner's conviction, *Schad* was overruled on other grounds not relevant here by *Ramos v. Louisiana*, 140 S.Ct. 1390 (2020) (state jury must be unanimous to convict a criminal defendant of a serious offense). Petitioner's jury verdict complied with the *Ramos* rule, because the jurors all agreed that Petitioner committed the murder. In any event, Ramos is not retroactively applicable. *Edwards v. Vannoy*, 141 S. Ct. 1547 (2021).

**MEMORANDUM DECISION AND ORDER - 22**

proved individually, and what facts are mere means, represent value choices more appropriately made in the first instance by a legislature than by a court." *Id.* at 638 (citing *In re Winship*, 397 U.S. 358, 364 (1970)). Therefore, unless the unanimity question focuses distinctly on elements of a crime, it does not approach a due process violation worthy of relief, and judicial restraint in deference to the state legislature should prevail.

Due process further prohibits the State from defining a crime in a manner so vague as to "permit[ ] a defendant's conviction without jury agreement as to which course [of conduct] or state [of mind] actually occurred." *Id.* at 632. The *Schad* court gave an example of a criminal charge that would violate a defendant's due process rights: "nothing in our history suggests that the Due Process Clause would permit a State to convict anyone under a charge of 'Crime' so generic that any combination of jury findings of embezzlement, reckless driving, murder, burglary, tax evasion, or littering, for example, would suffice for conviction." *Id.* at 633.

Due process *does* require a particular unanimity instruction where there are several different *crimes* charged—different instances on different dates or different victims. *See id.*, 633-39 (declining to adopt a one-size-fits-all test to "define what constitutes an immaterial difference as to mere means and what constitutes a material difference requiring separate theories of crime to be treated as separate offenses subject to separate jury findings").

**MEMORANDUM DECISION AND ORDER - 23**

Applying these due process principles gleaned from *Schad*, the Idaho Supreme

Court analyzed and rejected the federal due process issue in Petitioner's case:

> The trial court in this case was not required to instruct
> the jury that it must unanimously agree on the means by
> which Severson killed his wife in order to find him guilty of
> murder. Such an instruction would not have been "correct and
> pertinent" under section 19–2132 because it was not
> supported by the facts of the case. Severson was charged with
> the single act of murdering his wife. The evidence presented
> at trial did not allege that he engaged in the conduct giving
> rise to the offense on more than one occasion. Although the
> evidence showed that Severson could have murdered his wife
> by either overdosing her or suffocating her, it did not indicate
> that separate incidents involving distinct unions of mens rea
> and actus reus occurred. The very nature of the crime of
> murder eliminates this possibility. Absent evidence of more
> than one instance in which Severson engaged in the charged
> conduct, the jury was not required to unanimously agree on
> the facts giving rise to the offense. *See Gain*, 140 Idaho at
> 174, 90 P.3d at 924 (concluding that a specific unanimity
> instruction was not required where the State presented
> evidence of one incident that served as the basis for all three
> counts the defendant was charged with). The jury could have
> found Severson guilty of murdering his wife by overdosing
> her, suffocating her, or both. Because there was no risk that
> Severson could be convicted of the single act of murdering
> Mary on more than one occasion, the trial court did not err by
> not giving a specific unanimity instruction to the jury.

(State's Lodging B-8, at 19.)

This Court agrees with the Idaho Supreme Court's analysis. Due process does not

require the more particular unanimity jury instruction requested by Petitioner. For the

reasons set forth above, the Court preliminarily concludes that this claim is not

procedurally defaulted but is subject to denial on the merits under deferential or de novo

**MEMORANDUM DECISION AND ORDER - 24**

review. The parties may succinctly address this preliminary conclusion in their next round of briefing.

### d. *Claim 11: Cumulative Error*

On direct appeal, Petitioner cited only to *State v. Harrison*, 37 P.3d 1 (Idaho Ct. App. 2001), for the principle that errors may be aggregated to "show the absence of a fair trial." (State's Lodging B-5, p. 89.) The Idaho Supreme Court determined that Petitioner proved only one error, and so there were no others to be cumulated. (State's Lodging B-8, p. 37.) Of note, Justice Jones dissented, believing that there were multiple errors that should be cumulated to reverse the conviction and grant Petitioner a new trial. (*See id*., pp. 37-45.)

For procedural default purposes, the mere similarity between a state law claim and a federal claim does not constitute fair presentation of the federal claim; general references in state court to broad constitutional principles, such as due process, equal protection, and the right to a fair trial, are likewise insufficient. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *see also Hiivala v. Wood*, 195 F.3d 1098, 1106 (9th Cir. 1999).

However, a claim can be considered properly exhausted "when the contours of the federal and state constitutional rights are [not merely similar but] identical." *Sanders v. Ryder*, 342 F.3d 991, 1000-01 (9th Cir. 2003). Where the state appellate court holds that the right under the state constitution is coextensive with the federal constitutional right and performs its analysis under federal standards, the federal aspect of the claim is

**MEMORANDUM DECISION AND ORDER - 25**

considered properly presented to the state courts, so long as there is nothing in the briefing suggesting that the petitioner meant to allege "specifically," "consistently," and "exclusively" a violation of his state constitutional right. *Sanders*, 342 F.3d at 999 (citing *Peterson v. Lampert*, 319 F.3d 1153, 1157 (9th Cir. 2003) (*en banc*) (finding that "the Supreme Court in *Duncan* left open the question of what happens when the state and federal standards are not merely similar, but are, rather, identical or functionally identical," and noting that "[s]everal of our sister circuits … held, before *Duncan*, that presenting a state-law claim that is functionally identical to a federal claim is sufficient to present fairly the federal claim").

The Court will permit this claim to proceed to merits briefing on the premise that it fits within the "identical provisions" principle. If the parties desire to assert that it does not so fit, and can cite case law to show the divergence of applicable federal and state standards, they may do so.[6] But they also should brief the cumulative error claim. The

---

[6] In *Peterson v. Lampert*, the Court explained exactly why the Oregon adequate assistance of counsel constitutional provision was not identical to the federal effective assistance of counsel guarantee in the federal Constitution:

> In [some] cases, the Oregon Supreme Court has treated the state and federal constitutional rights to counsel as presenting separate questions. In the most recent case, the court held that a state habeas petitioner had been denied "adequate assistance of counsel" under the Oregon Constitution, but declined to reach the question whether the petitioner had been denied ineffective assistance under the Federal Constitution. *See Lichau v. Baldwin*, 333 Or. 350, 39 P.3d 851, 856, 860 n. 3 (2002) ("Because we decide this case under Article I, section 11, of the Oregon Constitution, we need not consider petitioner's arguments under the Sixth Amendment to the Constitution of the United States.").

319 F.3d at 1160–61.

**MEMORANDUM DECISION AND ORDER - 26**

United States Supreme Court has clearly established that the combined effect of multiple trial errors may give rise to a due process violation if it renders a trial fundamentally unfair, even where each error considered individually would not require reversal. *Donnelly v. DeChristoforo*, 416 U.S. 637, 643 (1974); *Chambers v Mississippi*, 410 U.S. 284, 290 n. 3, 298, 302-03 (1973). The fundamental question in determining whether the combined effect of trial errors violated a defendant's due process rights is whether the errors rendered the criminal defense "far less persuasive," *Chambers*, 410 U.S. at 294, and thereby had a "substantial and injurious effect or influence" on the jury's verdict. *Brecht v. Abrahamson*, 507 U.S. 619, 637 (1993) (internal quotation omitted). *See also Killian v. Poole*, 282 F.3d 1204 (9th Cir. 2002) (cumulative trial errors required grant of relief).

## ORDER

**IT IS ORDERED:**

1. The parties' Motions for Extensions of Time (Dkts. 34, 38, 41, 44, 46) are GRANTED.

2. Petitioner's Demand for Default Judgment (Dkt. 51) is DENIED.

3. Petitioner's Motion to Compel (Dkt. 36) is DENIED.

4. Petitioner' Motion to Stay (Dkt. 30) is DENIED.

5. Respondent's Motion to File Over-size Brief (Dkt. 47) is GRANTED.

**MEMORANDUM DECISION AND ORDER - 27**

6.  Petitioner's Motion Requesting Status (Dkt. 50) is GRANTED only to the extent set forth in this Order. It is DENIED to the extent that it seeks default judgment against Respondent or other relief.

7.  Respondent's Motion for Summary Dismissal (Dkt. 23) is GRANTED in part and DENIED in part as follows:

    a.  Claim 2 is procedurally defaulted; it also appears to be subject to denial and dismissal for failure to state a federal claim upon which relief can be granted.

    b.  Claim 3 is not procedurally defaulted, but appears subject to denial and dismissal on the merits.

    c.  Claim 10 appears subject to denial and dismissal for failure to state a federal claim upon which relief can be granted.

    d.  Claim 11 appears to be exhausted under the "identical provisions" exhaustion principle. The parties briefly may respond to this preliminary conclusion at the next stage of proceedings, but should, in any event, address the merits of the cumulative error claim.

    e.  The claims in the Petition are not barred by the statute of limitations.

8.  Respondent shall file an answer to the remaining claims **within 90 days** after entry of this Order. The answer should also contain a brief setting forth the factual and legal basis of grounds for dismissal and/or denial of the remaining

**MEMORANDUM DECISION AND ORDER - 28**

claim. Petitioner shall file a reply (formerly called a traverse), containing a brief rebutting Respondent's answer and brief, which shall be filed and served **within 30 days** after service of the answer. Respondent has the option of filing a sur-reply **within 14 days** after service of the reply. At that point, the case shall be deemed ready for a final decision.

3. No party shall file supplemental responses, replies, affidavits or other documents not expressly authorized by the Local Rules without first obtaining leave of Court.

4. No discovery shall be undertaken in this matter unless a party obtains prior leave of Court, pursuant to Rule 6 of the Rules Governing Section 2254 Cases.

DATED:  March 4, 2022

Honorable Raymond E. Patricco
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 29**